## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PAULETTA JOHNSON, Mother of AMARREE'YA HENDERSON, Deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No. 24-2329-TC-GEB** |
| **UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS CITY, KANSAS POLICE DEPARTMENT, and AUSTIN SCHULER,** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint and Brief in Support ("Motion") (**ECF No. 31**). Plaintiff brings this excessive force case related to the shooting of her twenty-five year old son, Amarree'ya Henderson. Mr. Henderson was driving for DoorDash with his girlfriend, Shakira Hill, a passenger in the vehicle. After making his last delivery and stopping by Plaintiff's home, Mr. Henderson was stopped by Officer Schuler of the Kansas City Police Department. The stop ended with Mr. Henderson being shot and killed. Plaintiff's original Complaint brings the following claims: 1) use of excessive force in violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; 2) negligence and wrongful death; and 3) depravation of constitutional rights through policies, procedures, customs, and practices pursuant to § 1983.

1

Plaintiff seeks to amend her Complaint to: a) add Shakira Hill as a plaintiff bringing claims on her behalf; b) add Police Chief Carl A. Oakman as a defendant; c) remove Defendant Kansas City Police Department as a party and any claim against the Unified Government for punitive damages; d) add supplemental allegations regarding the traffic stop and shooting which is the basis for the lawsuit; e) and add additional facts regarding an alleged historical pattern of excessive force used by police officers in Kansas City, Kansas. For the reasons outlined below, the undersigned Magistrate Judge **GRANTS Plaintiff's Motion in part** and **DENIES it in part**.

## I.      Procedural Background[1]

Plaintiff filed her Complaint on July 26, 2024.[2] Defendant Unified Government of Wyandotte County/Kansas City, Kansas ("Unified Government") filed a Partial Motion to Dismiss the Kansas City, Kansas Police Department as a Defendant.[3] Both Defendants filed their Answers on August 23, 2024.[4]  Plaintiff also filed a partial Motion to Dismiss seeking to dismiss her own claim against the Kansas City, Kansas Police Department and her claim for punitive damages against the Unified Government.[5] Following the parties Rule 26(f) conference but prior to the Scheduling Conference, Plaintiff served her First Request for Production of Documents and First Interrogatories on October 15, 2024. A

---

[1] The facts are taken from Plaintiff's Complaint (ECF No. 1) unless otherwise indicated. This background information should not be construed as judicial findings or factual determinations.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF Nos. 11 & 12.
[5] ECF No. 14.

Scheduling Order was entered on November 1, 2024[6] setting a deadline of November 22, 2024, just three weeks later, to file any motions seeking leave to amend. Defendants served their Responses and Objections to Plaintiff's First Requests for Production of Documents and Answers and Objections to Plaintiff's First Interrogatories on November 27, 2024, five days after the deadline for any motion for leave to amend.[7] The current Motion was filed on March 4, 2025, just over three months after the deadline for such motions ran. Shortly thereafter, the Unified Government's Partial Motion to Dismiss was granted and Plaintiff's Motion to Dismiss was found as moot[8] dismissing all claims against the Kansas City, Kansas Police Department and dismissing with prejudice any claims for punitive damages against the Unified Government.

## II.    Legal Standards

### A.    Fed. R. Civ. P. 16 – Good Cause

When considering a motion to amend filed past the scheduling order deadline, Fed. R. Civ. P. 16(b)(4) is implicated. Rule 16(b)(4) provides a "schedule may be modified only for good cause and with the judge's consent." Additionally, judges in this District "have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[9] In such cases, the court will "first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[10] Only

---

[6] ECF No. 23.
[7] ECF Nos. 25 & 26.
[8] ECF No. 42.
[9] *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. 09–2616–KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted).
[10] *Id.*

after finding good cause will the court proceed to the second step and evaluate whether the broader Rule 15(a) standard for amendment has been satisfied.[11]

"Good cause" under Rule 16(b)(4) requires a showing that "despite due diligence it could not have reasonably met the amendment deadline."[12] The party requesting an untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[13] "The lack of prejudice to the nonmovant does not show good cause."[14] In a motion for leave to amend where a party seeks to assert affirmative claims, if the moving party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."[15] The Court has "considerable discretion in determining what kind of showing satisfies this good cause standard."[16] "The 'good cause requirement may be satisfied [when a party] learns new information through discovery.'"[17]

## B.    Fed. R. Civ. P. 15 – Factors for Amendment

After a showing of good cause, the standard for permitting a party to amend his or her pleadings is well established. A party may amend its pleading as a matter of course

---

[11] *Id.*

[12] *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[13] *Id.*

[14] *Kansas Heart Hosp., LLC v. Smith*, No. 21-CV-1115-KHV, 2022 WL 1471367, at *2 (D. Kan. May 10, 2022) (citing *Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003)).

[15] *Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC, 2020 WL 5118068, at *2 (D. Kan. Aug. 31, 2020) (citing *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n.*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

[16] *Keller v. Diversicare of Council Grove, LLC*, No. 23-2556-JWB, 2024 WL 4164696, at *2 (D. Kan. Sept. 12, 2024) (quoting 3 James WM. Moore, *Moore's Federal Practice - Civil* § 16.14[1][b] (3d ed. 2019)).

[17] *Id.* (quoting *Gorsuch, Ltd. B.C.* 771 F.3d at 1240).

under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this where the time to amend as a matter of course has passed, without the opposing party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires." The decision to grant leave is within the sound discretion of the court.[18] In deciding whether to permit amendment, a court considers a number of factors including undue delay, bad faith or dilatory motive, undue prejudice to the other party(ies), and futility of amendment.[19] When exercising its discretion, a court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[20] "Rule 15 is intended 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[21]

III.    **Discussion**

Defendants generally argue Plaintiff has not shown good cause why she should be permitted to amend her Complaint after the deadline set forth in the Court's Scheduling Order, Plaintiff unduly delayed filing the Motion without adequate explanation for the delay, and Plaintiff alleges facts which were known or should have been known at the time of the Complaint.

---

[18] *Oakes Auto, Inc. v. Mitsubishi Motors of N. Am.*, No. 24-2175-TC, 2025 WL 623886, at *2 (D. Kan. Feb. 26, 2025).
[19] *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)).
[20] *Id.* (quoting *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012)).
[21] *Id.* (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

A.    **Good Cause**

Determination of whether Plaintiff has established good cause within the meaning of Rule 16(b)(4) is the first of the two-step analysis based on both Rule 16(b) and Rule 15(a). The Court will evaluate whether Plaintiff has established good cause for each category of amendment sought: 1) addition of Shakira Hill; 2) removal of Defendant Kansas City Police Department as a party and any claim against the Unified Government for punitive damages; 3) addition of Police Chief Carl A. Oakman as a defendant; 4) addition of supplemental allegations regarding the traffic stop and shooting which is the basis for the lawsuit; and 5) addition of facts regarding an alleged historical pattern of excessive force used by police officers in Kansas City, Kansas.

1.    **Addition of Shakira Hill as Plaintiff**

Shakira Hill, decedent's girlfriend, was a passenger in the vehicle at the time of the shooting. The claims she seeks to bring against the Unified Government and Officer Schuler in the proposed Amended Complaint sound in negligence. Citing *Hopkins v. Oklahoma Pub. Emps. Ret. Sys.*,[22] Defendants argue Ms. Hill cannot use the pendency of exhaustion of an administrative remedy to justify a delay in adding new claims to the Complaint. Where *Hopkins* dealt with whether the plaintiff needed to exhaust administrative remedies prior to bringing suit pursuant to 42 U.S.C. § 1983, Defendants reliance on *Hopkins* is misplaced. Ms. Hill's claims are not brought pursuant to 42 U.S.C. § 1983, rather they are brought pursuant to the Kansas Tort Claims Act, K.S.A. § 75-6101, *et seq*.

K.S.A. § 12-105b(d)(1) provides "any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such

---

[22] 150 F.3d 1155, 1160 (10th Cir. 1998).

action….Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first." "Compliance with this provision is jurisdictional in nature under Kansas law, such that 'if the statutory requirements are not met, the court cannot acquire jurisdiction' over the municipality or the employee on the claim."[23] Plaintiff timely filed her notice of claim for damages on October 15, 2024.[24] Pursuant to K.S.A. § 12-105b(d)(1) Ms. Hill could not bring her claim prior to February 12, 2025, nearly three months after the deadline for any motion to amend in the Scheduling Order. Plaintiff filed her Motion just 20 days later on March 4, 2025. The Court finds Plaintiff has shown good cause why the claims of Shakira Hill could not be brought in her original Complaint and why she was unable to move for leave to amend by the deadline set forth in the Scheduling Order.

### 2. Removal of Defendant Kansas City Police Department as a Party and of Any Claim for Punitive Damages Against the Unified Government

The Court doubts Defendants have any objection to Plaintiff removing these claims which were dismissed from this action when the District Judge granted Defendant Unified Government's Partial Motion to Dismiss as they are not addressed in Defendants' response to Plaintiff's Motion. Where the Court has found good cause to permit amendment on any claim, it finds good cause for Plaintiff to remove from any amended complaint those claims which have been dismissed from the case.

---

[23] *Smith v. Williams*, No. 20-2224-EFM, 2022 WL 4245479, at * (D. Kan. Sept. 14, 2022). *See also Farmers Bank & Tr. v. Homestead Cmty. Dev.*, 58 Kan. App. 2d 877, 476 P.3d 1, 14 (2020) ("Failure to file the notice deprives the district court of subject matter jurisdiction over the claim.") (citations omitted); *Steed v. McPherson Area Solid Waste Util.*, 43 Kan. App. 2d 75, 221 P.3d 1157, 1166-67 (2010) (noting that the statutory requirement that an action cannot be commenced until the municipality denies the claim or the claim is deemed denied following a 120-day period is a jurisdictional prerequisite rather than an affirmative defense).

[24] Exhibit C to Motion, ECF No. 31-3.

### 3.    Addition of Police Chief Carl A. Oakman as a Defendant

Plaintiff seeks to add Chief Carl Oakman as a Defendant. If added, the claims against Chief Oakman would include use of excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983, both in his official capacity as the final policymaker for the department and personally for his supervisory conduct under color of state law. Plaintiff alleges Chief Oakman, has permitted officer conduct which violates the Constitution; and the policies, customs, and practices which permitted Officer Schuler to deprive Mr. Henderson of his constitutional rights began or continued during Chief Oakman's tenure. Plaintiff alleges a litany of unconstitutional policies, practices, customs, and procedures for which Chief Oakman, as the final policymaker, is responsible. Plaintiff further alleges, these unconstitutional policies and officer conduct allegedly continue despite the implementation of written policies regarding excessive force, de-escalation, and use of lethal force during Chief Oakman's tenure and they constitute deliberate indifference to the constitutional rights of Mr. Henderson.

Defendants argue Plaintiff does not allege she was unable to learn the factual information relating to Chief Oakman at the time she filed her original Complaint. However, the heart of many of Plaintiff's claims are related to department policies and procedures. And Plaintiff alleges the written policies and procedures of the police department were only received during discovery. Defendants served their Responses and Objections to Plaintiff's First Requests for Production of Documents and Answers and Objections to Plaintiffs First Interrogatories on November 27, 2025, five days after the deadline for file any motion seeking leave to amend.[25] Plaintiff's counsel alleges she had to engage in significant review of Defendants' discovery responses and documents to supplement the factual allegations. Plaintiff filed her Motion within three months of receiving

---

[25] Certificate of Service, ECF No. 25.

Defendants' discovery responses. The Court finds Plaintiff has shown good cause why the claims against Chief Oakman could not be brought in her original Complaint and why she was unable to move for leave to amend by the deadline set forth in the Scheduling Order.

### 4.    Addition of Supplemental Allegations Regarding the Traffic Stop and Shooting

Plaintiff seeks to add supplemental allegations in support of pre-existing claims based upon information she purportedly learned in discovery. Defendants argue Plaintiff knew or should have known of the facts on which the amendment is based at the time she filed her original Complaint and because she failed to include them, her Motion to add them now should be denied. Defendants point to three specific sets of information: 1) Officer Schuler's personnel file; 2) the Unified Government's investigation file; and 3) body cam footage. Defendants allege Plaintiff has had both the personnel file and investigation file since they produced it with their Rule 26 disclosures on November 11, 2024 and Mr. Henderson's family, including Plaintiff, was able to view the body cam footage since May of 2023.

Plaintiff argues despite her due diligence she could not have reasonably met the amendment deadline. Officer Schuler's personnel file and the investigation file were provided just 11 days prior to the deadline for any motions for leave to amend. And although Plaintiff, as a family member may have been able to review the body cam footage per state law since May of 2023, counsel and Plaintiff's experts were unable to begin any in depth review of the footage until it was produced in discovery. As mentioned above, the Unified Government responded to Plaintiff's discovery on November 27, 2024, five days after the deadline for any motion seeking leave to amend ran. The Court finds Plaintiff has shown good cause why, despite due diligence, she was unable to complete an analysis of the information in Officer Schuler's personnel file and the investigation file recently received and file a motion for leave to amend before the deadline.

Plaintiff has additionally shown good cause why she was unable to seek leave to amend to add facts developed from a review of the body cam footage only available to her counsel and experts after the deadline to seek leave to amend passed.

### 5.    Addition of Facts Regarding an Alleged Historical Pattern of Excessive Force Used by Police Officers in Kansas City, Kansas

Plaintiff's proposed Amended Complaint includes a section titled "KCKPD's Extensive History of Excessive Force and Cover-Ups," paragraphs 35-51. This section purports to set forth documentation of the department's use of excessive force dating as far back as the early 1990s and continuing through 2023. The allegations in this section include reference to a 1993 FBI memo regarding accusations of excessive force and other misconduct by department officers; various incidents of alleged use of excessive force in November 2005, March 2010, May 2014, May 2020, June 2021, August 2022, and February 2023; the 2022 prosecution of a retired KCKPD detective for the rape of multiple women and girls over several years, and a 2023 federal lawsuit against the aforementioned detective and other KCKPD officers alleging extortion and a protection racket by the officers. Plaintiff cites to a variety of publicly available news articles and federal lawsuits in support of these allegations. With the exception of two lawsuits, all of these sources were available to Plaintiff prior to filing her initial Complaint on July 26, 2024. And even those two cases involve incidents which occurred prior to Plaintiff filing suit which were of sufficient notoriety they likely could have been discovered before Plaintiff filed suit.

Plaintiff only addresses the addition of this historical information briefly indicating she uses them to bolster pre-existing claims against the Unified Government following "additional investigation into its historical pattern of implementing and condoning practices and customs that violated constitutional rights, including, at issue the use of excessive force." Here Plaintiff gives no explanation why the additional investigation could not have been done prior to filing suit or at

least by the time the deadline for filing any motions for leave to amend ran. The Court finds Plaintiff has not shown why despite due diligence, she could not have reasonably met the amendment deadline to add this historical information.

**B.    Factors Under Fed. R. Civ. P. 15**

Although a court may look at number of factors when determining whether to grant leave to amend, Defendants only raise one. Defendants allege Plaintiff unduly delayed filing the Motion without adequate explanation for the delay. For the amendments Plaintiff has shown good cause on, the Court will look at whether Plaintiff unduly delayed in moving for leave to amend.

> In *Foman,* the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. 371 U.S. at 182, 83 S.Ct. 227. Emphasis is on the adjective: "Lateness does not of itself justify the denial of the amendment." *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir.1975). Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. Fed.R.Civ.P. 15(a); *see also* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed.1990). However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir.2004); *see also USX Corp. v. Barnhart,* 395 F.3d 161, 167 (3d Cir.2004) ("[D]elay alone is an insufficient ground to deny leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will be become prejudicial, placing an unfair burden on the opposing party." (internal citations and quotation marks omitted)).
>
> ****
>
> This Circuit, however, focuses primarily on the reasons for the delay. We have held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West,* 3 F.3d 1357, 1365–66 (10th Cir.1993); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's

discretionary decision."); *Fed. Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir.1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").[26]

For those issues for which the Court found good cause to seek amendment after the deadline set forth in the Scheduling Order; the addition of Shakira Hill as a Plaintiff, removal of Defendant Kansas City Police Department as a party and of any claim against the Unified Government for punitive damages, addition of Chief Carl A. Oakman as a Defendant, and addition of supplemental allegations regarding the traffic stop and shooting; for the reasons discussed above regarding good cause, the Court finds Plaintiff has provided an adequate explanation for her delay. Where Plaintiff has provided such an explanation, the Motion was filed just over three months after the deadline ran, and the deadline for discovery has not yet closed, the Court finds any delay in filing the Motion was not undue.

For the reasons set forth above, in the Court's discretion **IT IS THEREFORE ORDERED** Plaintiff's Motion for Leave to Amend Complaint and Brief in Support (**ECF No. 31**) is **GRANTED in part and DENIED in part**. Plaintiff shall file her First Amended Complaint, omitting the section titled "KCKPD's Extensive History of Excessive Force and Cover-Ups," paragraphs 35-51, forthwith.

---

[26] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

**IT IS SO ORDERED.**

Dated June 24, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge