**In the United States District Court
for the District of Kansas**

---

Case No. 24-cv-02329-TC

---

PAULETTA JOHNSON, ET AL.,

*Plaintiff*

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS, ET AL.,

*Defendant*

---

# ORDER

Plaintiff Pauletta Johnson, individually and as heir at law of her son, Amarree'ya Henderson, and Shakira Hill brought federal and state-law claims against Officer Austin Schuler, the Unified Government of Wyandotte County, and Chief of Police Karl Oakman in his individual and official capacities arising from Schuler's fatal shooting of Henderson. Doc. 110 at ¶ 4.a. After the pretrial order was entered and summary judgment briefing closed, Johnson and Hill moved for leave to add the Decedent's Estate as a party. Doc. 151 at 1. The defendants oppose this motion. Doc. 156. For the following reasons, Johnson and Hill's motion to amend is granted insofar as the Estate is substituted as a party.

## I

### A

A pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). When an amendment to a complaint "would in effect modify the final pretrial order," Rule 16(e) applies. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1102 (10th Cir. 2019). Accordingly, a court can amend a pleading to add a party after the final pretrial order has been entered "'only to prevent manifest injustice.'"

*Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) (quoting Fed. R. Civ. P. 16(e)); *see also* D. Kan. Rule 16.2. This high standard "ensure[s] everyone involved has sufficient incentive to fulfill the order's dual purposes of encouraging self-editing and providing reasonably fair disclosure to the court and opposing parties alike of their real trial intentions." *Monfore*, 778 F.3d at 851. But "total inflexibility is undesirable." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002); Fed. R. Civ. P. 16(e) Advisory Committee Notes.

The movant bears the burden to prove that failure to amend would result in manifest injustice. *Davey*, 301 F.3d at 1208. Manifest injustice is not easily defined, but it is difficult to prove "if the evidence or issue was within the knowledge of the party seeking modification at the time of the pretrial conference." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1527.1, at 408–12 (2010); *see also R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987) (holding that a "deliberate" choice not to pursue a particular legal theory in the pretrial order is grounds for rejecting a motion to amend). A court evaluating such a request can consider the prejudice or surprise to the party opposing trial of the issue, the ability of the party to cure any prejudice, disruption to the orderly and efficient trial of the case by inclusion of the new issue, and (bad faith by the party seeking to modify the order. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (noting that the circuit court reviews all factors when evaluating whether the district court abused its discretion, but that a district court need not consider all factors).

**B**

This case arises from a fatal shooting. Plaintiff Pauletta Johnson, individually and as heir at law of her son, Amaree'ya Henderson, and Shakira Hill brought federal and state-law claims against Officer Austin Schuler, the Unified Government of Wyandotte County, and Chief of Police Karl Oakman in his individual and official capacities arising from Schuler's fatal shooting of Henderson. Doc. 110 at ¶ 4.a. After close of discovery, Doc. 110 at ¶ 7, the parties participated in a pre-trial conference in late November 2025. A final pre-trial order was entered on November 26, 2025. Doc. 110. The pre-trial order lists Pauletta Johnson as representing the deceased, Amaree'ya Johnson, as his heir at law. Doc. 110 at 1.

Johnson and Hill make various claims under Section 1983 as well as negligence and wrongful death claims on behalf of Henderson. Doc.

110 ¶ 5, 8. From the start, however, the defendants challenged Johnson and Hill's capacity to bring the survival claims on Henderson's behalf because no Estate had been created. *See, e.g.*, Doc. 11 at 12, ¶ 4 (answer to complaint); Doc. 70 at 10, ¶ 4 (answer to amended complaint). They raised the issue again in the Pretrial Order and in their motion for summary judgment. *See* Doc. 110 at ¶¶ 1.a, 4.b. The survival and Section 1983 actions could only be brought by Henderson's Estate and no Estate had been created before the summary judgment pleadings were submitted. Instead, Johnson had been attempting to proceed as Henderson's heir at law to pursue claims on his behalf. Doc. 110 at 16–19.

The Estate was finally created on January 16, 2026. *See* Doc. 141 at 4; *see also* Doc. 141–9. This was after the Pretrial Order had been entered and parties' summary judgment motions and several motions challenging the admissibility of expert testimony had been fully briefed. *See* Docs. 110, 113, 114, 115. As a result, Johnson and Hill filed a motion for leave to file an Amended Complaint in February 2026 to add the "Estate of Amarree'ya Henderson, by and through its duly appointed Administrator, Pauletta Johnson, as a Plaintiff for purposes of asserting Decedent's survival claims and related damages." Doc. 141 at 2, ¶ 1. In doing so, Johnson and Hill failed to cite the appropriate standard. At an in-person hearing, that motion was denied without prejudice. Johnson and Hill were then ordered to refile the motion to amend, the trial date was postponed, and all the pending motions were denied without prejudice. Doc. 150. Johnson and Hill refiled their motion to amend, Doc. 151, and the defendants oppose the request, Doc. 156.

## II

The factors for manifest justice favor granting amendment of the pretrial order for the limited purpose of adding the Estate as a named party under Rule 16(e). And under Rule 17(a)(3), addition of the real party in interest, which Johnson and Hill omitted, is necessary to prevent injustice. Accordingly, the motion is granted.

### A

Johnson and Hill request leave to file a second amended complaint adding the decedent's Estate as a party. Doc. 151. It would constitute manifest injustice to deny that request, even at this stage of the proceedings.

It is plain that neither Johnson nor Hill could pursue the survival and Section 1983 claims at the heart of this dispute. *Tank v. Chronister*, 160 F.3d 597, 599 (10th Cir. 1998) (stating that under Kan. Stat. Ann. § 60-1901 a survival action "may be brought only by the Estate administrator"); *Harold v. Univ. of Colorado Hosp.*, 680 F. App'x 666, 673 (10th Cir. 2017) (citing *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1506-07 (10th Cir. 1990)) ("[t]he estate of a deceased victim must be the one to bring suit" under Section 1983). But granting a summary judgment motion on an obvious legal defect would deprive the Estate of its ability to present its argument on the merits and instead lead to a resolution on an obvious and avoidable legal error. That is too harsh of a penalty for the Estate to pay and may undermine the confidence of the public in the legal system. *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("[O]ur legal system strongly prefers to decide cases on their merits."); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (noting that the Federal Rules of Civil Procedure are designed to facilitate a decision on the merits, not "procedural niceties"). Amendment of the pretrial order is therefore necessary.

The purpose of the pretrial order is to "insure the economical and efficient trial of every case on its merits without chance or surprise." *Davey*, 301 F.3d at 1208. In analyzing whether amendment would cause prejudice and surprise, "[t]he timing of the motion in relation to commencement of trial is an important element." *Davey*, 301 F.3d at 1210–11. Johnson and Hill's conduct is plainly dilatory and creates unnecessary prejudice to the defendants. They filed their first motion to amend well after the pretrial order had been set. Doc. 141. Despite this delay and the responsibility for the resulting prejudice falling squarely on counsel for Johnson and Hill, allowing the amendment is necessary so that a full consideration on the merits can occur. *See Minter*, 451 F.3d at 1204.

Closely related to the prejudice factor is whether the opposing party can cure any prejudice or surprise. *Davey*, 301 F.3d at 1211. Because the trial has been postponed to accommodate the late action by Johnson and Hill, any prejudice or surprise can be cured by additional limited discovery as to the new party. *See id.* (noting that when a motion to amend is made prior to trial, "it is more easily found that the opposing party could cure any prejudice"). As set forth in greater detail below, *see* Part II.C., *infra*., the defendants will have sufficient time to engage in limited discovery from the Estate which can address the alleged

lack of records of and/or from Henderson. *See* Doc. 156 at 4; *Davey*, 301 F.3d at 1211; *cf. Hasan*, 935 F.3d at 1102 ("And on the other side of the ledger, permitting the amendment would have required reopening discovery and setting a new trial date.").

Furthermore, while amendment at this stage would otherwise disrupt an orderly, expeditious, fair, and efficient trial process, the effect of the delay has been mitigated by postponement of the trial. *See Koch*, 203 F.3d at 1222. And there are no new claims: The Estate only seeks substitution into the shoes of Johnson and Hill. Doc. 151. Moreover, neither Johnson, Hill, nor the Estate will be permitted to raise any arguments not already preserved. *See Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1118 (10th Cir. 2003) (noting that "[e]ve-of-trial" amendments seeking to "introduce a range of remedies not previously contemplated" are not favored).

Finally, Johnson and Hill's delay in creating the Estate and seeking amendment, despite notice from the defendants that an Estate was needed to pursue the survival claims, was inexplicable. *See Minter*, 451 F.3d at 1204 (having no adequate explanation for delay in seeking amendment weighs in favor of denying amendment). But allowing amendment of the pretrial order to add the Estate as a plaintiff for the survival and Section 1983 claims will ensure the full and fair litigation of the merits stemming from Henderson's death.

* * *

The pretrial order should ordinarily be inviolate so that the parties can rely on it and the judicial system can operate in an orderly fashion. But because the pretrial order defines the issues and defenses of the lawsuit, "total inflexibility is undesirable." *Davey*, 301 F.3d at 1208 (internal citation omitted). Based on consideration of all of the factors and circumstances present in this case, granting the motion under Rule 16(e) is appropriate.

**B**

Defendants offer several contrary arguments. Although well founded, they do not overcome the need to address the claim on the merits.

The defendants first claim that adding a new party would result in unfair prejudice by requiring additional discovery for the added party

and new summary judgment briefings. Doc. 156 at 3, 6–7. That is undoubtedly true. But as discussed below, steps have been taken to limit that burden.

Defendants next argue that amendment creates prejudice because during discovery, Johnson and Hill refused to produce information now relevant to the Estate. Doc. 156 at 2–4. Again, they now have an opportunity to remedy that issue.

Finally, the defendants argue that adding the Estate as a party is futile as it creates a statute of limitations issue. Doc. 156 at 11. This substantive argument may be raised at summary judgment.

## C

In order to cure any prejudice or surprise to the defendants, they are permitted to engage in limited discovery from the Estate. The defendants will have until December 31, 2026, to obtain any depositions, disclosures, and any other discovery materials from the Estate. Any discovery is limited to exclusively addressing the Estate as a party and any disputes will be handled with an in-person hearing. In other words, the Estate may not conduct any additional discovery or assert any new claims or arguments not raised in the original pretrial order. It simply steps into the shoes of the claims Johnson and Hill originally made. Once discovery is complete, the parties' deadline to submit summary judgment and Daubert motions is January 29, 2027.

## III

For the foregoing reasons, Johnson and Hill's Motion to Amend, Doc. 151, is GRANTED.

It is so ordered.

Date: October 29, 2026

s/ Toby Crouse
Toby Crouse
United States District Judge